**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON WALLACE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONALD SPECTER, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01293-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF MANDATE<br><br>[ECF No. 10] |

On January 20, 2015, the instant action filed pursuant to 42 U.S.C. § 1983 was dismissed for failure to state a cognizable claim upon which relief may be granted, and judgment was entered.[1] (ECF Nos. 8, 9.)  The Court's January 20, 2015, order was served via United States mail at Plaintiff's address of record.

On March 2, 2015, Plaintiff filed a petition for writ of mandate pursuant to California Code of Civil Procedure section 1085. (ECF No. 10.)  In the writ of mandate, Plaintiff alleges various forms of misconduct by prison officials, including physical harm, retaliation, involuntary administration of illegal drugs, and denial of access to the court.  As relief Plaintiff requests transportation to the Court to prove his case.

///

---

[1] Plaintiff consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (ECF No. 6.)

1

1  "A traditional or ordinary writ of mandate under [§ 1085] is a method for compelling a public entity to perform a legal and usually ministerial duty." City of Scotts Valley v. Cnty of Santa Cruz, 201 Cal.App.4th 1, 23 (2011) (internal quotations omitted). "A 'ministerial duty' is one generally imposed upon a person in public office who, by virtue of their position, is obligated 'to perform in a prescribed manner required by law when a given state of facts exists.'" Flores v. Cal. Dep't of Corr. and Rehab., 224 Cal.App.4th 199, 205 (2014) (citations omitted). "Thus, ordinary mandate is used to review adjudicatory actions or decisions when the agency was not required to hold an evidentiary hearing." Bunnett v. Regents of University of California, 35 Cal.App.4th 843, 848 (1995).

Plaintiff is advised that federal district courts lack jurisdiction over a claim for a writ of mandate under California Civil Procedure Code section 1085. See Hill v. County of Sacramento, 466 Fed.Appx. 577, 579 (9th Cir. 2012) ("Cal. Civ. Pro. Code § 1085 authorizes only state courts to issue writs of mandate."); see also Mory v. City of Chula Vista, No. 10-cv-00252 JLS (WVG), 2011 WL 777914, *2 (Mar. 1, 2011). To the extent Plaintiff seeks to challenge improper actions taken by prison officials, his relief is by way of 42 U.S.C. § 1983, in which he may seek injunctive relief as a form of relief.

Based on the foregoing, Plaintiff's petition for writ of mandate pursuant to California Civil Procedure Code section 1085 is DENIED.

IT IS SO ORDERED.

Dated: **March 5, 2015**

UNITED STATES MAGISTRATE JUDGE